UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL D. ADAMS,

    Petitioner,

v.                                                      Case No. 3:17-cv-466-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.
_____

## **ORDER**

### **I. Status**

Petitioner Michael Adams, an inmate of the Florida penal system, initiated this action on April 17, 2017,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Adams challenges a 2012 state court (Duval County, Florida) judgment of conviction for trafficking in cocaine, possession of a firearm by a convicted felon, possession of ammunition by a convicted felon, possession of heroin, possession of marijuana, trafficking in illegal drugs, and two counts of possession of a controlled substance. Adams raises two grounds for relief. See Petition at 5-9.[2] Respondents have submitted an answer in opposition to the Petition. See Answer in Response to Order to Show Cause (Response; Doc. 12) with exhibits (Resp. Ex.). Adams declined to file a brief in Reply. See Doc. 15. This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. Relevant Procedural History

On July 26, 2011, the State of Florida (State) charged Adams by way of amended Information with trafficking in cocaine (count one); possession of a firearm by a convicted felon (count two); possession of ammunition by a convicted felon (count three); possession of heroin (count four); possession of less than twenty grams of marijuana (count five); trafficking in morphine, opium, oxycodone, heroin, hydrocodone, or their derivatives (count six); and two counts of possession of a controlled substance (counts seven and eight). Resp. Ex. A at 20-21. On September 30, 2011, Adams entered a negotiated no contest plea as to all counts in exchange for his substantial assistance and a sentencing range of zero to ten years, with the caveat that the State could seek a three-year minimum mandatory sentence on certain counts. Id. at 28-29, 102. Notably, during the plea colloquy, the circuit court informed Adams that if he were to get arrested prior to the sentencing hearing, his plea would still stand but the sentencing range would not. Id. at 106. On March 28, 2012, Adams was arrested on new, unrelated charges, which led the State to move to revoke Adams' bond, while also arguing the sentencing range agreed upon in the plea should now be disregarded. Id. at 30-31, 50-51. The Court granted the motion to revoke the bond on April 11, 2012. Id. at 42. On April 19, 2012, the circuit court determined it was not bound by the plea's sentencing range in light of Adams' arrest on new charges and sentenced him to a term of incarceration of twenty years in prison as to counts one and six, fifteen years in prison as to counts two and three, five years in prison as to counts four and seven, and one year in the Duval County jail as to counts five and eight. Id. at 62-73, 129-40. The Court ordered the terms of imprisonment imposed for all counts charged in the amended Information to run concurrently. Id. at 139-40.

Adams appealed his convictions and sentences to Florida's First District Court of Appeal (First DCA). Id. at 81. On May 29, 2012, Adams, through counsel, filed a notice of voluntary dismissal of his direct appeal, Resp. Ex. B, and the First DCA dismissed the appeal on July 9, 2012. Resp. Ex. C.

On April 2, 2013, Adams filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) (Rule 3.800(a) Motion), in which he argued the circuit court erred in: (1) sentencing him as a habitual felony offender (HFO); (2) departing from the zero to ten year sentencing range agreed upon in his plea; and (3) running another case consecutive to his sentence in this case.[3] Resp. Ex. D at 1-7. On March 10, 2016, Adams filed a pro se motion to amend his Rule 3.800(a) Motion (Motion to Amend Rule 3.800(a) Motion), in which he asserted: (1) the written sentence does not comport with the oral pronouncement; and (2) the circuit court should issue an expedited ruling on a motion to clarify sentence he filed in February of 2013. Id. at 10-15. On February 24, 2016, the circuit court denied the Rule 3.800(a) Motion. Resp. Ex. E. The circuit court later denied the Motion to Amend Rule 3.800(a) Motion as successive on April 19, 2016, noting it had previously denied his Rule 3.800(a) Motion. Resp. Ex. D at 26-27. Adams appealed both orders and the First DCA found his appeal of the denial of his Rule 3.800(a) Motion to be untimely but reversed the denial of his Motion to Amend Rule 3.800(a) Motion. Resp. Ex. H. The First DCA remanded "for the trial court to either attach records conclusively refuting the appellant's claim [that his sentences should run

---

[3] In case number 16-2012-CF-3104-AXXX-MA, Adams entered a plea of guilty to one count of attempted trafficking in morphine, opium, oxycodone, heroin, hydrocodone, or their derivatives. Resp. Ex. D at 17-24. Pursuant to the plea agreement in case number 2012-CF-3104, his sentence was supposed to run concurrently to the sentence imposed in his state criminal case that Adams attacks in the instant Petition. Id. at 17.

concurrently] or to provide this revised judgment to the DOC." Id. The First DCA issued the Mandate on October 5, 2016. Id. On September 27, 2016, the circuit court directed the Clerk of Court to amend the judgment and sentence to reflect his sentences should run concurrently to a sentence imposed in another case. Resp. Ex. I.

On July 3, 2013, Adams, with the assistance of counsel, filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 Motion). Resp. Ex. J at 1-33. Adams raised the following grounds in his Rule 3.850 Motion: (1) counsel was ineffective for misadvising him to enter a plea without informing him that any new charges would negate his plea agreement; (2) counsel was ineffective for misadvising him about the maximum sentence he faced upon entering the plea; (3) his convictions amounted to double jeopardy and his counsel was ineffective for failing to object on this ground; (4) section 893.135, Florida Statutes, is unconstitutional; and (5) the cumulative effect of counsel's deficient performance prejudiced him. Id. The circuit court denied the Rule 3.850 Motion on February 25, 2016. Id. at 83-86. Adams appealed and the First DCA per curiam affirmed the denial of the Rule 3.850 Motion without issuing a written opinion. Resp. Ex. M. Adams filed a motion for rehearing, which the circuit court denied on February 6, 2017. Resp. Ex. N. The First DCA issued the Mandate on February 22, 2017. Resp. Ex. O.

### III. One-Year Limitations Period

This proceeding was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

## IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Adams's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court

decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

6

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[4] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was

---

[4] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1)'s "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

### B. Exhaustion/Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[5] supra, at 747–748, 111 S. Ct. 2546; Sykes,[6] supra, at 84–85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. --, --, 131 S. Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. --, --, 130 S. Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring

---

[5] Coleman v. Thompson, 501 U.S. 722 (1991).
[6] Wainwright v. Sykes, 433 U.S. 72 (1977).

9

> procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). Thus, procedural defaults may be excused under certain circumstances. Notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S. Ct. 2639).[7] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S. Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."

---

[7] Murray v. Carrier, 477 U.S. 478 (1986).

> Carrier, 477 U.S. at 496, 106 S. Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Ward, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

### C. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S. Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S. Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S. Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S. Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S. Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable

12

> argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, - U.S. at -, 131 S. Ct. at 788.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). In other words, "[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As Ground One, Adams alleges that his counsel was ineffective for failing to inform him before he entered his plea that any new charges prior to his sentencing hearing could negate the sentencing range he agreed upon in his plea deal. Petition at 5-6. Adams contends his counsel's failure to advise resulted in him entering an unknowing and involuntary plea. Id. at 6.

Adams raised a substantially similar claim as ground one of his Rule 3.850 Motion. Resp. Ex. J at 4-9. In denying this claim, the circuit court explained:

> In his Motion, the Defendant alleges ineffective assistance of counsel because his attorney misadvised him about the consequences of a new arrest between the plea and sentencing. During the plea , [sic] the Defendant executed a plea of guilty stating his satisfaction with his attorney. The Defendant entered a plea of guilty to the court and was advised [of] the consequences of his failure to appear or him being arrested on new charges. Despite that advise [sic] he proceeded to enter the plea. Subsequently the Defendant was

13

> arrested on new charges. The transcript of the plea dialogue disputes his allegations. Therefore, this Court finds that the Defendant has failed to establish error on the part of counsel or prejudice to his case. Strickland, 466 U.S. 668. The Defendant's only ground for relief based on ineffective assistance of counsel is denied.

Id. at 84 (record citations omitted). The First DCA per curiam affirmed the denial of relief on this claim. Resp. Exs. M; O.

To the extent that the First DCA decided the claim on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Adams is not entitled to relief on the basis of this claim.

Nevertheless, even if the First DCA's adjudication of this claim is not entitled to deference, the claim in Ground One is without merit. As an initial matter, the Court finds that Adams has failed to adequately plead prejudice because he does not allege that but for his counsel's alleged deficiencies, he would have proceeded to trial instead of accepting the plea. See Hill v. Lockhart, 474 U.S. 52, 60 (1985) (holding that the district court did not err in denying petitioner's federal habeas petition where "[p]etitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial."). Accordingly, Adams has failed to establish the requisite prejudice needed to receive

federal habeas relief on a claim that he involuntarily entered a plea based on ineffective assistance of counsel. Id.

Regardless though, this claim is still meritless. "A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case," and "[w]hat is said and done at a plea conference carries consequences." Scheele v. State, 953 So. 2d 782, 785 (Fla. 4th DCA 2007). A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also Kelley v. State, 109 So. 3d 811, 812-13 (Fla. 1st DCA 2013) (holding a court may deny postconviction relief on claims that are refuted by sworn representations the defendant made to the trial court). Even if counsel failed to advise Adams of the significance any new charges would have on his plea, the circuit court cured that error when it informed Adams of such during the plea colloquy. The circuit court specifically stated:

> All right. Mr. Adams, let me say one thing. I'm passing your case for sentencing. You understand that if you fail to appear in court or if you're arrested again for new criminal activity and there is probable cause, your plea will stand, but the Court will no longer be committed to the sentencing range; do you understand?

Resp. Ex. A at 106. Adams affirmatively stated that he understood. Id. Not only did the circuit court cure any alleged error on the part of counsel, but Adam's affirmative representations to the circuit court refute his current allegations that he was unaware of this possibility. See Blackledge, 431 U.S. at 74; Kelley, 109 So. 3d at 812-13. Accordingly, Adams is not entitled to relief on his claim in Ground One.

**B. Ground Two**

In Ground Two, Adams avers that his counsel was ineffective for failing to inform him of the statutory maximum sentence he faced. Petition at 8. According to Adams, he entered the plea based on counsel's assurance that if he provided substantial assistance to the State he would receive a sentence in the range of zero to ten years. Id. Adams again states counsel never informed him an arrest on new charges would negate this sentencing range and that he would then be facing the statutory maximum. Id. As to this claim, Adams maintains that had counsel correctly informed him, he would not have entered the plea and would have proceeded to trial. Id.

Respondents contend Adams failed to exhaust this claim because he never raised it in state court. Response at 17-18. Adams asserts in his Petition that he raised this claim in his Rule 3.850 Motion. Petition at 8. The record reflects that Adams, through counsel, raised a substantially similar claim as ground two of his Rule 3.850 Motion. Resp. Ex. J at 9-10. However, it appears as though the circuit court either construed this claim as being subsumed by the claim as stated in Ground One or inadvertently did not address the merits of this claim, because it did not identify this claim as a separate ground for relief or specifically discuss Adams' allegations. Id. at 83-85. Nevertheless, the Court need not determine whether Adams exhausted this claim, because the claim is meritless. See 28 U.S.C. § 2254(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The record reflects that the circuit court advised Adams during the plea colloquy about the sentencing range he agreed to in his plea deal and the statutory maximum, with

the minimum mandatories, he faced on each count. Resp. Ex. A at 99-102. As noted above in the analysis of Ground One, the circuit court also advised Adams about the consequences new arrests would have on his plea deal. Accordingly, even if counsel failed to advise Adams of the statutory maximum sentence he faced, the circuit court cured any prejudice when it advised him of the same during the plea colloquy. Therefore, Adams cannot demonstrate prejudice and his claim in Ground Two is due to be denied.

## VII. Certificate of Appealability

## Pursuant to 28 U.S.C. § 2253(c)(1)

If Adams seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Adams "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Adams appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of December, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Michael D. Adams #B-465127
Jennifer Moore, Esq.

18